IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY E. KORNAFEL, Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 18-CV-3241 |
| SCOTT D. GALLOWAY, et al., Defendants. | : : : | |

FILED
AUG - 3 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

MEMORANDUM

JONES, J.                                                                         AUGUST 3, 2018

Plaintiff Stanley E. Kornafel filed this civil action against Dorothy M Gallagher (his landlord), Scott D. Galloway (Gallagher's attorney), and three judges of the Delaware County Court of Common Pleas based on litigation in state court between Kornafel and his landlord. Kornafel seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Kornafel leave to proceed *in forma pauperis* and dismiss the Complaint.

I.     FACTS

As noted above, underlying this case is a dispute between Kornafel and Gallagher that began in 2015 and was heard in the state courts. Attorney Galloway represented Gallagher in connection with those proceedings. Kornafel's Complaint and attachments indicate that the dispute was initially arbitrated, subsequently proceeded to trial in the Court of Common Pleas, and that Kornafel did not prevail in either of those proceedings and unsuccessfully sought relief from Pennsylvania's appellate courts.

According to Kornafel, the arbitrators and state court judges who presided over the case treated him unfairly, were biased, conspired with Gallagher and/or Galloway, and violated his constitutional rights in connection with the manner in which they presided over his case. He

cc: S. Kornafel 8/6/18

1

alleges that "Judge's [sic] in concert with [Galloway] did tortious acts in concert of a common design of breaching duties, encouraging or indirectly giving assistance to each other with cause of accomplishing the tortious result of hindering and discriminating against [Kornafel] for [the] purpose of aiding [Gallagher's] lawyer." (Compl. ECF No. 2 at 4.)[1] Kornafel adds that "[m]isconduct of Judges by biased actions and failure to take appropriate action when required by ethics and or law in Concert of common design intentionally hindered [him] preventing him of full access to the court, failed to review [his] counter claim, failed to review the pretrial statements . . . where violations of law, refused to allow entry of the contracts and agreement made prohibiting [him] from fully stating his case and its merits plus prevented [him] from presenting credible evidences [sic] that were duly filed an not disproved while not enforcing the judges agreement made . . . during pretrial conference and assuming role of jury during the trial." (*Id.*)

The Court understands Kornafel to be invoking this Court's federal question jurisdiction to pursue claims under 42 U.S.C. § 1983 for various alleged constitutional violations, and 42 U.S.C. § 1985. (*Id.* at 4.) As relief, he seeks a "jury trial outside of Media where a reasonable fair and equal hearing may be had or adjudicate the case based on the merits." (*Id.* at 16.)

## II. STANDARD OF REVIEW

Kornafel is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As Kornafel is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

2

indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Kornafel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Under § 1985

Although Kornafel references § 1985 and alleges that he has been discriminated against, his § 1985 claims fail. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").[2] While Kornafel suggests that the Defendants conspired against him, he fails to mention the type of race- or class-based discrimination that is required to state a claim under § 1985(3). The Court will therefore dismiss any § 1985 claims.

---

[2] Section 1985(1) and 1985(2) have no applicability here, as nothing in the Complaint suggests that Kornafel was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

3

### B. Claims Under 42 U.S.C. § 1983

Kornafel's § 1983 claims also fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Here, Kornafel's allegations do not support a plausible conspiracy. He bases his claims on general allegations and, perhaps, assumptions that his losses in state court stemmed from something nefarious. However, "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). As Kornafel's Complaint does not provide facts supporting a vast, plausible conspiracy between his landlord, her attorney, and three state court judges, his conspiracy claims fail.

In any event, Kornfel may not proceed on his § 1983 claims against the judges because

4

they are barred by absolute judicial immunity. Kornafel has named three state judges as Defendants in this case based on the manner in which they presided over the landlord-tenant litigation in state court. However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, the Court must dismiss Kornafel's claims against the judges he sued as legally baseless because those claims are based on acts or omissions taken in those judges' judicial capacity in presiding over the landlord-tenant case.

Given the absence of factual allegations supporting the existence of a conspiracy, there is also no basis for concluding that Kornafel's landlord or her attorney could be considered state actors who would be subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the Court must also dismiss Kornafel's § 1983 claims against them.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Kornafel's Complaint. However, Kornafel will be given an opportunity to file an amended complaint in the event he can state a claim for relief with the exception of his claims against the judges, which are dismissed with prejudice.

5

*See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**C. DARNELL JONES, II, J.**