# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-3241 |
| : | |
| SCOTT D. GALLOWAY, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**JONES, J.**                                                                                    **AUGUST 24, 2018**

Currently before the Court is plaintiff Stanley E. Kornafel's Amended Complaint, which raises constitutional claims based on his losses in state court. For the following reasons, the Court will dismiss the Amended Complaint.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Stanley E. Kornafel filed this civil action against Dorothy M. Gallagher (his landlord), Scott D. Galloway (Gallagher's attorney), and three judges of the Delaware County Court of Common Pleas based on litigation in state court between Kornafel and his landlord. The dispute between Kornafel and Gallagher began in 2015 and was heard in the state courts. Attorney Galloway represented Gallagher in connection with those proceedings. Kornafel's initial Complaint and attachments indicated that the dispute was initially arbitrated, subsequently proceeded to trial in the Court of Common Pleas, and that Kornafel did not prevail in either of those proceedings and unsuccessfully sought relief from Pennsylvania's appellate courts.

According to Kornafel, the arbitrators and state court judges who presided over the case treated him unfairly, were biased, conspired with Gallagher and/or Galloway, and violated his constitutional rights in connection with the manner in which they presided over his case. He

1

alleged that "Judge's [sic] in concert with [Galloway] did tortious acts in concert of a common design of breaching duties, encouraging or indirectly giving assistance to each other with cause of accomplishing the tortious result of hindering and discriminating against [Kornafel] for [the] purpose of aiding [Gallagher's] lawyer." (Compl. ECF No. 2 at 4.)[1] Kornafel added that "[m]isconduct of Judges by biased actions and failure to take appropriate action when required by ethics and or law in Concert of common design intentionally hindered [him] preventing him of full access to the court, failed to review [his] counter claim, failed to review the pretrial statements . . . where violations of law, refused to allow entry of the contracts and agreement made prohibiting [him] from fully stating his case and its merits plus prevented [him] from presenting credible evidences [sic] that were duly filed an not disproved while not enforcing the judges agreement made . . . during pretrial conference and assuming role of jury during the trial." (*Id.*)

Kornafel appeared to be invoking this Court's federal question jurisdiction to pursue claims under 42 U.S.C. § 1983 for various alleged constitutional violations, and 42 U.S.C. § 1985. (*Id.* at 4.) As relief, he sought a "jury trial outside of Media where a reasonable fair and equal hearing may be had or adjudicate the case based on the merits." (*Id.* at 16.)

After granting Kornafel leave to proceed *in forma pauperis*, his Complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). First, this Court concluded that Kornafel failed to state a claim under § 1985 because he failed to allege the type of race- or class-based discrimination that is required to state a claim under that statute. Next, this Court concluded that Kornafel failed to allege a plausible claim under § 1983 because his allegations did not support a plausible judicial conspiracy and, furthermore, the judges whom he sued were

---

[1] The court adopts the pagination assigned to Kornafel's pleadings by the CM-ECF docketing system.

entitled to absolute judicial immunity. As Kornafel failed to plausibly allege a conspiracy, neither Kornafel's landlord nor her attorney could be considered state actors for purposes of § 1983. Although the court dismissed Kornafel's claims against the judges with prejudice because they were barred by absolute judicial immunity, Kornafel was given leave to amend as to his other claims.

Kornafel returned with an "Amended Complaint Under Coercion with Incorporated Counter of Orders." The Amended Complaint names Galloway and the three judges as Defendants, but omits Kornafel's landlord. In his Amended Complaint, Kornafel alleges that this Court's treatment of his case—specifically, "remov[al] [of] the judges"—was inconsistent with the constitution and "violates [his] religious freedom as infringes on his religious belief, by suppression and omission violates his free speech preventing him from fully stating his full case, bashing his dignity and violating his rights . . . ." (Am. Compl. ECF No. 6 at 1.) He also challenges other aspects of this Court's prior decision in this case. The Amended Complaint makes clear that Kornafel's federal case is entirely predicated on his dissatisfaction with the manner in which his case was handled in state court, and his belief that he lost due to a conspiracy between the judges and opposing counsel.

## II. STANDARD OF REVIEW

As Kornafel is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the court to dismiss the Amended Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Kornafel is proceeding *pro se*, the court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. *Rooker-Feldman* Doctrine

First, if Kornafel is asking this Court to review and vacate the state court's judgment or review the state court's rulings, this Court lacks jurisdiction. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Kornafel lost in state court and appears to be challenging the state court's judgment or judgments based on his belief that imposition of that judgment or judgments violated his rights. In that case, this Court lacks jurisdiction to review those claims.[2] However, to the extent Kornafel raises claims that are not barred by *Rooker-Feldman*, the Court will address those claims below.

#### B. Claims Under § 1985

---

[2] Notably, this is not the first case in which Kornafel has come to federal court attempting to essentially appeal unfavorable state court judgments. *See Kornafel v. Chevrolet*, No. 18-2026, 2018 WL 3911800, at *1 (3d Cir. Aug. 15, 2018) (affirming dismissal pursuant to *Rooker-Feldman* because "[w]hile Kornafel's complaint is not easy to understand, most of the document raises claims about being harmed by state court judgments or arbitration decisions").

4

Kornafel has again failed to state a claim under § 1985. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *see also Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006) (explaining that "§ 1985(3) defendants must have allegedly conspired against a group that has an identifiable existence independent of the fact that its members are victims of the defendants' tortious conduct").[3] While Kornafel baldly alleges that Defendants discriminated against him, he fails to mention the type of race- or class-based discrimination that is required to state a claim under § 1985(3). The court will therefore dismiss any § 1985 claims.

### C. Claims Under 42 U.S.C. § 1983

Kornafel's § 1983 claims again fail for the same reasons. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and

---

[3] Section 1985(1) and 1985(2) have no applicability here, as nothing in the Amended Complaint suggests that Kornafel was either an officer who was prevented from performing his duties or was deterred from attending a court proceeding to testify therein.

5

substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Rather, a plaintiff must allege in specific "terms the approximate time when the agreement was made, the specific parties to the agreement (i.e., which judges), the period of the conspiracy, or the object of the conspiracy." *Great W. Mining & Mineral Co.*, 615 F.3d at 179.

Here, Kornafel's allegations do not support a plausible conspiracy. Leaving aside Kornafel's conclusory allegations, it appears that Kornafel bases his claims almost entirely on conclusions that adverse judicial rulings or case management decisions that favored his opponent are illustrative of a judicial conspiracy against him. However, "merely . . . being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). In other words, the fact that the judges who handled Kornafel's cases treated his opponent more favorably (in his opinion), or issued rulings that he believes are unfair or wrong, does not support a plausible judicial conspiracy. Likewise, Kornafel's suggestion that the state judges and Galloway "are of the same court and or bar association" (Am. Compl. at 2), does not suggest an actual agreement to violate Kornafel's rights. Nor does the failure of the state judges to sanction Galloway in the course of the prior litigation where Kornafel believed sanctions were warranted establish a plausible conspiracy. As Kornafel's Amended Complaint does not provide facts supporting a vast, plausible conspiracy between Galloway and the judges who presided over the litigation in state court, his claims fail.

6

In any event, Kornfel may not proceed on his § 1983 claims against the judges because they are barred by absolute judicial immunity. Kornafel has named three state judges as defendants in this case based on the manner in which they presided over the landlord-tenant litigation in state court. However, as previously explained to Kornafel, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Kornafel's characterizations of judicial actions or inaction that displeased him as the absence of jurisdiction are not sufficient to preclude the application of judicial immunity here. Likewise, his mischaracterization of judicial acts as "ministerial" acts does not abrogate immunity. Accordingly, the court must dismiss Kornafel's claims against the judges he sued as legally baseless because those claims are based on acts or omissions taken in those judges' judicial capacity in presiding over the landlord-tenant case. *See Kornafel*, No. 18-2026, 2018 WL 3911800, at *1 (3d Cir. Aug. 15, 2018) (observing that amendment of Kornafel's claims to allow him to name judges as defendants would be futile where "[m]uch of Kornafel's complaint involves allegations that he was not treated fairly by the state court judges").

As with Kornafel's initial Complaint, the absence of factual allegations supporting the existence of a plausible conspiracy is fatal to Kornafel's claims against Galloway, who cannot be considered a state actor subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[W]e have explained that the principal question at stake [in determining whether a private actor can be considered to have acted under color of state law] is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quotations and alteration omitted)); *Angelico v.*

7

*Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, Kornafel may not proceed on his § 1983 claims against Galloway.

## IV. CONCLUSION

For the foregoing reasons, Kornafel's Amended Complaint shall be dismissed. This Court concludes that further attempts at amendment would be futile.

An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
_____
**C. DARNELL JONES, II     J.**